UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN NYPL, et al.,

   Plaintiffs,

  v.

JPMORGAN CHASE & CO., et al.,

   Defendants.

Case No. 15-cv-02290-VC

**ORDER GRANTING MOTION TO TRANSFER**

Re: Dkt. No. 36

  The defendants' motion to transfer is granted.

  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, (1964)). "The burden of showing that transfer is appropriate is on the moving party." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). "To support a motion for transfer, the moving party must establish: 'that venue is proper in the transferor district; that the transferee district is one where the action might have been brought; and that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice.'" *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009) (quoting *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992)).

  The parties do not dispute that venue is proper both in this district and in the Southern District of New York. *See* 15 U.S.C. § 22. The only question, then, is whether transfer would serve the convenience of the parties and witnesses and promote the interests of justice.

The Court considers several factors in determining whether to exercise its discretion to transfer a case to another appropriate forum: "(1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Vu*, 602 F. Supp. 2d at 1156.

On balance, these factors strongly favor transfer to the Southern District of New York. First, no named plaintiff resides in this district, and so "the Court may afford plaintiff's choice considerably less weight." *Vu*, 602 F. Supp. 2d at 1156.  It is also apparent that the Southern District of New York would be more convenient for the defendants, several of whose principal places of business are in New York and London and who are already litigating similar claims in the *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-7789 (S.D.N.Y. filed Nov. 1, 2013), and for third party witnesses, "because such witnesses would not be required to engage in duplicative litigation or travel to two different forums to attend court proceedings" on the same subject matter. *Johansson v. Cent. Garden & Pet Co.*, No. C 10-03771 MEJ, 2010 WL 4977725, at *4 (N.D. Cal. Dec. 2, 2010).  As for local interest, there is "no significant connection between California and the facts alleged in the complaint." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).  And with many similar cases already being adjudicated, on a consolidated basis, by a district judge in the Southern District of New York, that judge is no doubt far more familiar with the applicable law than this one.  Accordingly, the defendants have met their burden to show transfer to the Southern District of New York is appropriate and that this Court should exercise its discretion to do so.

**IT IS SO ORDERED.**

Dated: November 19, 2015

_____
VINCE CHHABRIA
United States District Judge